IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

TOMMY R. ELPS
ADC # 144914                                                                                          PLAINTIFF

V.                              CASE NO. 5:10CV00302 JLH/BD

CLINTON ARMSTRONG, *et al.*                                                              DEFENDANTS

PARTIAL RECOMMENDED DISPOSITION

I.      Procedures for Filing Objections:

The following Partial Recommended Disposition has been sent to United States District Chief Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation. A copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

Mail your objections to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

II.     Introduction:

On October 18, 2010, Plaintiff, an inmate incarcerated in the East Arkansas

Regional Unit of the Arkansas Department of Correction, filed his complaint, under 42 U.S.C. § 1983. (Docket entry #2) In his complaint, Plaintiff stated a deliberate-indifference claim against Defendant Lewis and an excessive-force claim against Defendant Porter.[1] Plaintiff, however, has failed to state a claim for relief against Defendants Armstrong and Mitchell. Accordingly, those Defendants should be dismissed.

### III. Discussion:

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. 42 U.S.C. § 1983. Although detailed factual allegations are not required, the complaint must include enough facts to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1940 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct

---

[1] To the extent that Plaintiff claims that Defendant Porter violated his rights by verbally harassing him, this claim fails. Verbal harassment does not rise to the level of a constitutional violation. *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) Further, in his complaint, Plaintiff states that when Defendant Porter used "vulgar profanity in an aggressive tone," Plaintiff was "joking around" with Defendant Porter. (#2 at p.5)

alleged." *Iqbal*, __ U.S. __, 129 S.Ct. at 1940. "Though pro se complaints are to be construed liberally, see *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285(1976), they still must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

In his complaint, Plaintiff does not attribute any unconstitutional conduct to Defendants Armstrong or Mitchell; nor does Plaintiff state how these Defendants caused him injury. Plaintiff simply identifies Defendant Armstrong as a "team assistant" at the Dermott Treatment Center and states that Defendant Mitchell told various staff members that Plaintiff was assaulted and physically injured. As a result, Plaintiff has failed to state a claim against Defendants Armstrong and Mitchell, and the Court recommends that Plaintiff's claims against these Defendants be dismissed without prejudice. See *Beck v. LaFleur*, 257 F.3d 764, 766 (8th Cir. 2001) (citing *Ellis v. Norris*, 179 F.3d 1078, 1079 (8th Cir. 1999) (prisoner must allege a defendant's personal involvement or responsibility for constitutional violation to state a claim under 42 U.S.C. § 1983).

## IV. Conclusion:

The Court recommends that Plaintiff's claims against Defendants Armstrong and Mitchell be dismissed without prejudice and that these two Defendants be dismissed as party Defendants.

DATED this 9th day of November, 2010.

_____
UNITED STATES MAGISTRATE JUDGE