RECEIVED MAIL ROOM JAN - 5 2011 U.S. DISTRICT COURT E. DIST. OF ARKANSAS

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

FILED U.S. DISTRICT COURT EASTERN DISTRICT ARKANSAS JAN 05 2011 JAMES W. McCORMACK, CLERK By: _____ DEP CLERK

Tommy R. Elps
ADC # 144914                             PLAINTIFF

v.            Case No. 5:10 CV00302 JLH/BD

Clinton Armstrong, et. al.                 DEFENDANTS

## MOTION FOR LEAVE TO FILE AN AMMENDED COMPLAINT

Plaintiff, Tommy R. Elps, pursuant to Rules 15(a), and 19(a) Fed. R. Civ. P., requests leave to file an ammended complaint adding parties.

1) The Plaintiff in his original complaint named several John Doe defendants.

2) Since the filing of the complaint the plaintiff has determined, upon information and belief, that the names of John Doe defendants # 1 & 2 should be Douglas Williams, and Leon Ester. Paragraph's 5 & 6 are ammended to reflect the identities of the officers.

3) On the first page of plaintiff's complaint, I stated:"...At that time a Team Assistant (Unknown at this time)(John Doe #1) picked me up off of my bed and slammed me onto the floor..."

Upon information and belief, John Doe #1 should be., Douglas-Williams / Team-Leader.

4.) On the second page of plaintiff's complaint, I stated "...Back-up was called for assistance where the following in both official and personal capacities..." Mr. John Doe #2 (Team-Assistant), upon information and belief, need's to be changed to., Leon Ester / Team-Leader.

5.) Upon information and belief, Leon Ester was active Supervisor/ Team-Leader over the, Dermott Treatment Unit at the time of incident, and acted under color of state law for "failure to protect" me from the incident (Excessive Force, Deliberate-Indifference, and Failure-to-Protect claims) against his employees at the, Dermott Treatment Unit active at the time of incident for NOT coming to assist, maintain order, and security, and by allowing the incident to happen., while in charge of the Dermott Treatment Unit 18-21 year old program for Juvenile Serious Offenders in Dermott, AR.

6.) Defendant Estay failed to prevent the incident from going too far and as a result of his negligence I blacked-out, suffered a double concussion, temporary amnesia, and stitches. He acted under color of State law for; "Failure To Protect, and Deliberate-Indifference".

7.) Defendant Douglas Williams, failed TO Protect me and utilized excessive-force when he picked me up off of my bed and slammed me onto the floor causing me to Black-Out. Please keep in mind I'm 5'4", 125 lbs. and Mr. Williams is approx. 6'2" and 330 lbs. He violated my Constitutional Rights and it shows that he used excessive-force by his actions. He acted under color of State law for; "Failure To Protect, Excessive-Force, and Deliberate-Indifference".

8.) Defendant Micheal Porter cursed me out, and came towards me in a menacing manner. Mr. Porter slammed me against my bed in the presence of other officers (defendants) for allegedly getting foul-mouthed with him. He assaulted me which violated my rights, and showed that he used excessive-force when he slammed me against my bed in my cell after other defendant's drug me into my cell. He acted under color of state Law for; "Failure To Protect, Excessive-Force, and Deliberate-Indifference".

9.) Defendant Jackie Lewis acted with Deliberate-Indifference because he knew I was injured badly by his Officers, and he failed to act quickly and responsibly, given the current state of condition I was in and by negotiating my condition

for 1½ hours before escorting me to the Emergency Room after Para-Medics advised him to take me to the E.R. He knew of the incident and failed to act reasonably. He acted under Color of State Law for his Deliberate-Indifference. Defendant Lewis is NOT immune from the claims, and he wasn't impartial when handling the situation.

10.) Defendant Clinton Armstrong failed to Protect me from the incident by using vulgar-profanity curse-words while escorting me to my cell, by dragging me on the floor in assistance at all times ~~\[redacted\]~~ after back-up was called for. He acted under Color of State law by failing to Protect me, harassing me, and upon Information and belief conspired to cover up what had happened by negotiating for 1½ hours with other defendant's on whether or not to take me to the Emergency Room. Defendant Armstrong acted Under Color of State law for; Failure TO PROTECT, and Conspiracy in accordance to 42 U.S.C. § 1985 by allowing excessive force to be done after verbally harassing me, dragging me to my cell, failing to Protect from excessive-force, and trying to cover it up by negotiating for 1½ hours allowing my condition to worsen. By failing to Protect me, for; Failure to Protect

11.) Defendant M. Mitchell failed to Protect me from the incident by verbally harassing me along with other defendant's and allowing excessive-force when he could've prevented it, while assisting in the incident at all times after back-up was called for. He acted under color of state law for

Failure To Protect me. Then upon information and belief acted under color of state law violating 42 U.S.L 1985 or Conspiracy by conspiring to cover up what had been done by negotiating with other defendants for 1½ hours after the Doze-Medics advised them I should be taken to the Emergency Room, allowing my condition to worsen, failing to Protect me for Failure To Protect.

12) The Court should grant Leave freely to Amend Complaint., Elps v. Armstrong, et. al. Case No. 5:10-CV-00302 JLH/BD.

Date: December 22, 2010 — Wednesday.

Respectfully SUBMITTED,

Tommy R. Elps #144914
P.O. Box 180
Brickeys, AR.
72320
E.A.R.U.-MAX.
A.D.C.