**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

TOMMY R. ELPS,
ADC #144914                                                                                             PLAINTIFF

V.                              NO. 5:10CV00302-JLH-BD

CLINTON ARMSTRONG, *et al.*                                                                DEFENDANTS

### RECOMMENDED DISPOSITION

I.   **Procedures for Filing Objections**

The following recommended disposition has been sent to United States District Chief Judge J. Leon Holmes.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the recommendation.  A copy will be furnished to the opposing party.  Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

Mail your objections or "statement of necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

**II. Discussion:**

    A.    Procedural History

Plaintiff Tommy R. Elps, an Arkansas Department of Correction ("ADC") inmate, filed this case on October 18, 2010, alleging that the Defendants used excessive force against him in violation of his eighth amendment rights. (Docket entry #2) He named as Defendants three employees of the Delta Regional Unit, an employee of the Dermott Treatment Unit, and two John Doe Defendants. On January 5, 2011, Mr. Elps identified the John Doe Defendants as Douglas Williams and Leon Ester. On January 14, 2011, the Court issued summonses for all Defendants. Defendant Ester was served on January 19, 2011. (#31)

On February 17, 2011, Mr. Elps moved for default judgment against each of the named Defendants. Because Defendant Ester was the only Defendant who had been served at the time, the Court ordered Defendant Ester to show cause, within thirty days, why default judgment should not be entered against him.[1]

On March 24, 2011, Mr. Elps filed a second motion for default judgment against Defendant Ester. (#40) Mr. Elps did not respond to either motion; nor did he respond to this Court's order. For that reason, the Court recommended that Mr. Elps's motions for default judgment (#32 and #40) be granted and that a default judgment be entered against

---

[1] On March 26, 2011, the Court granted Mr. Elps's motion to voluntarily dismiss his claims against the other named Defendants. (#41)

Defendant Ester under Rule 55(a) of the Federal Rules of Civil Procedure.  On April 29, 2011, the recommendation was adopted.

On June 9, 2011, this Court held a hearing to determine the amount of damages to be awarded.  Mr. Elps appeared at the hearing and testified.  Based upon Mr. Elps's testimony, however, the Court finds that he is not entitled to money damages.[2]

B.    Factual History:

In his complaint, Mr. Elps alleges that in November 2007, he was housed at the juvenile correctional facility in Dermott, Arkansas.  On the date of the incident giving rise to this lawsuit, Mr. Elps was "joking around" with Officer Porter when the situation escalated, and Mr. Elps began to feel threatened.  As a result, Mr. Elps picked up a pencil and threatened to stab Officer Porter with it.  Officer Porter then called for assistance.

When other officers arrived, Mr. Elps testified that they dragged him into his cell where the officers threw him against him bed.  According to Mr. Elps's testimony,

---

[2] The Court notes that in order to comply with the Servicemembers Civil Relief Act, Mr. Elps testified that he was not aware whether Defendant Ester is currently serving in the military.  50 App. U.S.C.A. § 521 provides that:

> In any action or proceeding covered by this section, the court, before entering judgment for the plaintiff, shall require the plaintiff to file with the court an affidavit--
>
> **(A)** stating whether or not the defendant is in military service and showing necessary facts to support the affidavit; or
>
> **(B)** if the plaintiff is unable to determine whether or not the defendant is in military service, stating that the plaintiff is unable to determine whether or not the defendant is in military service.

Officer Williams then picked him up and slammed him to the floor. As a result, Mr. Elps "blacked out." When he regained consciousness, he was sitting in the hallway in a metal chair, covered in his own blood. Although the paramedics were called, Mr. Elps alleges that the officers refused to allow him to ride in the ambulance. After an hour and a half of negotiating, the officers permitted Mr. Elps to be transferred to the emergency room where Mr. Elps received "butterfly stitches" for his head injury. Mr. Elps claims that he later learned that he did not receive the proper treatment for his injuries and that he had sustained a "double concussion."

In his amended complaint, Mr. Elps also claims that Officer Ester was the active supervisor at the time of the incident and that Officer Ester failed to protect him from the attack.

    C.    Deliberate Indifference

At the damages hearing, Mr. Elps testified that Defendant Ester was not present when he was escorted to his cell after the incident with Officer Porter. Mr. Elps complains that Defendant Ester should have been present when Officer Porter called for assistance and that, by not being present, he failed to properly supervise the officers.

Unfortunately for Mr. Elps, a supervisor is not liable based upon the misconduct of his subordinates. In a § 1983 action, a supervisor cannot be held liable for the constitutional violations of a subordinate based solely on the employment relationship. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1948 (2009); *Parrish v. Ball*, 594 F.3d 993, 1001 (8th

Cir. 2010); see also *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (holding that the "general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support [§ 1983] liability").

The Eighth Circuit has recognized that a prison supervisor can be held liable if he fails to properly supervise his subordinates by tacitly authorizing a constitutional violation or by failing to take corrective action in response to a violation. See *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995); *Choate v. Lockhart*, 7 F.3d 1370, 1376 (8th Cir. 1993). To state a failure-to-supervise claim, however, a prisoner must prove that the supervisor knew of a pattern of unconstitutional acts committed by subordinates; was deliberately indifferent to or tacitly authorized the offensive acts; and failed to correct the situation. See *Parrish v. Ball*, 594 F.3d 993, 1002 (8th Cir. 2010); *Otey v. Marshall*, 121 F.3d 1150, 1156 (8th Cir. 1997).

Importantly, the Eighth Circuit has emphasized that a "single incident, or series of isolated incidents, usually provides an insufficient basis upon which to assign supervisor liability." *Lenz v. Wade*, 490 F.3d 991, 995-96 (8th Cir. 2007). For instance, in *Lenz*, the Court held that a prison warden who had knowledge that a guard had previously used excessive force against a prisoner could not be held liable for the guard's second use of excessive force because there was not a "pattern" of misconduct. *Id*. at 995-97. The Court reversed a jury verdict against the prison warden in that case. *Id*.

Mr. Elps has not alleged that Defendant Ester's subordinate officers engaged in a pattern of using excessive force against inmates, or, more importantly, that Defendant Ester knew about an unconstitutional pattern of conduct. For this reason, Mr. Elps has failed to establish that he is entitled to any money damages on his claim against Defendant Ester.

D.   Deliberate Indifference

At the hearing, Mr. Elps also stated that Defendant Ester should be held responsible for not immediately transporting him to the hospital following the incident. Mr. Elps claims that the hour-and-a-half delay constitutes deliberate indifference to his serious medical needs.

First, the Court notes that Mr. Elps did not raise this claim in either of his complaints. Further, even if he were allowed to bring this claim now, he has failed to prove that he suffered any damage as a result of any delay in transport to the emergency room. It is undisputed that Mr. Elps received medical treatment after the incident took place. Although Mr. Elps believes that he would have received different treatment ("staple stitches" or traditional stitches) if he had been immediately transported, he has not presented any evidence to support his belief.

E.   Damages

Unfortunately for Mr. Elps, not every injury that occurs during incarceration amounts to a constitutional violation. Although the Court initially allowed Mr. Elps to

proceed on his claims against Defendant Ester based on the allegations contained in his compliant, Mr. Elps's testimony indicates unequivocally that his injuries were not a result of Defendant Ester's conduct. For that reason, the Court recommends that a default judgment in the amount of zero dollars be entered against Defendant Ester. See *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818 (8th Cir. 2001) (affirming lower court's decision not to award damages on default judgment, where requested damages were "speculative and not proven by a fair preponderance of the evidence"). See also *Rhodes v. Robinson*, 399 Fed. Appx. 160 (9th Cir. 2010) (upholding entry of zero damages award on default judgment); *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004) ("upon the entry of default, the well-pleaded allegations of a complaint relating to liability are taken as true, allegations regarding the amount of damages must be proven because [e]ven when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of damages are not deemed true.") (internal citation omitted); *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003) ("[a] court has an obligation to assure that there is a legitimate basis for any damage award it enters"); *Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (explaining that damages may be awarded on default judgment only if the record adequately reflects the basis for award).

**IV.     Conclusion:**

The Court recommends that a default judgment in the amount of zero dollars be entered against Defendant Ester.

DATED this 13th day of June, 2011.

_____
UNITED STATES MAGISTRATE JUDGE